**Jacklyn CUTLER, Appellant,**

v.

**CITY OF ANCHORAGE, Appellee.**

**No. 1093.**

Supreme Court of Alaska.

Dec. 15, 1969.

James L. Johnston, John M. Savage, of Savage, Erwin, Curran & Johnston, Anchorage, for appellant.

Charles Hagans, Robert Opland, of Hagans & Opland, Anchorage, for appellee.

Before DIMOND, CONNOR, RABINOWITZ and BONEY, JJ., and MOODY, Superior Court Judge.

OPINION

PER CURIAM.

The single issue presented in this appeal is whether the trial court erred in granting the appellee's, City of Anchorage, motion for a directed verdict at the close of appellant's case for failure to establish a prima facie case of negligence on the part of the appellee.

Appellant instituted suit against the appellee for injuries suffered by her when she tripped while crossing a catwalk built by appellee to provide access to the Anchorage Westward Hotel's Third Avenue entrance during repair of earthquake damaged sidewalk, curb, and gutter. Another person preceded the appellant on the catwalk by three or four steps. Appellant was about to step from the catwalk onto a $\frac{1}{4}$ inch plywood board that served as a ramp when the person preceding her stepped in the

middle of the board causing it to bend. Appellant caught her foot on the raised end of the board and fell injuring herself.

The undisputed evidence is that the ¼ inch sheet of plywood, four feet by eight feet in dimensions, was placed at the sidewalk end of the ramp sometime between 6:30 A.M. and 7:50 A.M. on the morning of the accident. At 6:30 A.M. the same day, the plywood was in place on the window of the Alaska Airlines Office nearby to protect the window against flying rocks thrown by jack hammers used in the construction work. The plywood had been tacked to the side of the building covering the window the evening before. There was no evidence that the city had any notice of the fact that the sheet of plywood had been removed from the window and placed at the sidewalk end of the ramp. Nor did appellant contend that the city had notice, either actual or constructive, of this fact.

The appellee contended that the only reasonable inference that could be drawn from the foregoing evidence was that the plywood was removed from its position across the window and placed on the end of the ramp by some unknown person sometime between 6:30 A.M. and 7:50 A.M. when appellant fell.

This was a jury trial. The City of Anchorage moved for a directed verdict at the close of appellant's case and waived its opportunity to present further evidence on the basis that appellant had failed to make out a prima facie case of negligence. The trial court, in ruling on the motion, had to consider the evidence viewed in the light most favorable to the party against whom the motion was made, in this case the appellant.[1]

In determining whether error was committed by the trial court in regard to the motion for directed verdict, this court also views the evidence in its strongest light in favor of the party against whom the motions were made. Study of the record has led us to the conclusion that the evidence

did not present a jury question concerning the issue of negligence on the part of City of Anchorage.

The judgment is affirmed.

NESBETT, C. J., not participating.

---

1. Otis Elevator Co. v. McLaney, 406 P.2d 7, 9–10 (Alaska 1965).